UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROY POMPA, | ) 1:10CV0857 |
| | ) |
| Petitioner | ) JUDGE PATRICIA GAUGHAN |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| DONALD MORGAN, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Roy Pompa ("Pompa") has filed a petition through counsel for a writ of habeas corpus, arising out of his 2007 convictions for multiple counts of pandering sexually oriented matter involving a minor, rape, gross sexual imposition and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Pompa raises a single ground for relief: "The denial of the motion to suppress results in a violation of the United States Constitution's Fourth Amendment ban on unreasonable searches and seizures." (Doc. 1, at 6.)

The respondent has filed an answer, in which it argues that "the United States Supreme Court held long ago that Fourth Amendment claims are no longer cognizable in federal habeas corpus proceedings." (Doc. 5, at 7.) Counsel for Pompa has not filed a Traverse.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> The indictment in this case grew out of the execution of three search warrants by the Brookpark Police Department on defendant's residence.  The first warrant was executed on December 4, 2006.  The search warrant directed officers to search for computers, equipment, data storage devices, records, and other items related to the distribution and possession of child pornography.
>
> Richard Warner, an investigator with the Cuyahoga County Prosecutor's Office Internet Crimes Against Children Task Force, along with other law enforcement officers, conducted a search of defendant's home for the items described in the warrant.  During the search, the officers discovered a wireless pinhole spy camera, which is often used to make child pornography.  The officers also discovered a number of Compaq VHS tapes with posted notes with handwritten titles and dates on them.  Some of these titles included "A---- Changing her Panties," "R--- Up Skirt" and "J Pussy."
>
> The officers reviewed two of the tapes and saw images of two young girls getting dressed and of an adult male's hand pulling the panties aside of a sleeping young girl and rubbing the vaginal area.  Shortly after viewing the tapes, the officers called the prosecutor for advice on the situation.  Thereafter, the officers arrested the defendant and advised the defendant's wife that her children or neighborhood children may have been the victims of sexual abuse.  The defendant's wife told the officers that the names found on the tapes were friends of their two daughters.
>
> On December 5, 2006, a second search warrant was executed authorizing a forensic examination of the computer, storage media, and videotapes seized the previous day.  Investigator Warner determined that the tapes contained scenes of sexual activity with minor children and that the tapes were made inside the defendant's residence.  Investigator Warner also determined that the images suggested that the minor children may have been drugged during the sexual activity.

On December 7, 2006, a third search warrant was executed directing officers to search defendant's residence. As a result of this search, officers seized additional videotapes and a white plastic tray that had prescription sleeping drugs, a pill crusher, a needle, and a syringe.

On March 14, 2007, the Cuyahoga County Grand Jury indicted defendant on one count of pandering obscenity involving a minor in violation of R.C. 2907.321; 17 counts of rape in violation of R.C. 2907.02; five counts of kidnapping in violation of R.C. 2905 .41; 55 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322; 21 counts of gross sexual imposition in violation of R.C. 2907.05; two counts of illegal use of a minor in nudity-oriented material/performance in violation of R .C. 2907.323; one count of disseminating obscene matter to juveniles in violation of R.C. 2907.31; one count of corrupting another with drugs in violation of R.C. 2935.02; and one count of possession of criminal tools in violation of R.C. 2923.24.

On January 26, 2007, defendant filed a motion to suppress all evidence relating to the videotapes seized from his residence on December 4, 2006, arguing that the search exceeded the scope of the search warrant. After a hearing, the trial court denied the motion to suppress noting that the police "strictly adhered to the guidelines that were outlined by the Court" and that the police, when presented with the initial tapes titled "Rose Up Skirt" and "Alice Changing," "would certainly indicate to most thinking human beings that the possibility that was or a probability existed for there to be pertinent evidence on those tapes." Tr. 188-89.

Following a jury trial, the defendant was found guilty of all charges, except nine counts of pandering sexually oriented matter involving a minor and sentenced to life in prison.

(Doc. 5, RX 14; State v. Pompa, No. 90110, 2008 WL 2833498, at *1-*2 (Ohio Ct. App. July 24, 2008).)

Pompa filed a timely direct appeal, which raised the following two assignments of error:

1. First trial court erred by not granting Appellant's motion to suppress.

3

    2. The trial court erred by not sustaining objections to inadmissible hearsay evidence which caused harmful prejudice to the Defendant.

(Doc. 5, RX 12.) The court of appeals affirmed the judgment of the trial court. (Doc. 5, RX 14; Pompa, 2008 WL 2833498.)

After being granted leave to file a delayed appeal, Pompa filed an appeal to the Ohio Supreme Court, which set forth the following propositions of law:

    1. The court erred in denying Defendant's motion to suppress.

    2. The court erred in not excluding hearsay which resulted in material prejudice to the Defendant.

(Doc. 5, RX 18.) The state high court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, RX 19; State v. Pompa, 121 Ohio St.3d 1450, 904 N.E.2d 900 (2009).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal

4

>law, as determined by the Supreme Court of the United States."
>Under the "contrary to" clause, a federal habeas court may grant the
>writ if the state court arrives at a conclusion opposite to that reached
>by this Court on a question of law or if the state court decides a case
>differently than this Court has on a set of materially indistinguishable
>facts. Under the "unreasonable application" clause, a federal habeas
>court may grant the writ if the state court identifies the correct
>governing legal principle from this Court's decisions but unreasonably
>applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III. FOURTH AMENDMENT CLAIM

The sole ground of Pompa's petition involves an alleged violation of the Fourth Amendment. The respondent argues that the alleged Fourth Amendment violation is not cognizable in federal habeas. (Doc. 5, at 7-8.)

The United States Supreme Court held in Stone v. Powell that "where the State has provided an opportunity for full and fair litigation of a Fourth

5

Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Abdul-Mateen v. Hofbauer, 215 F.3d 1325, 2000 WL 687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), cert. denied, 531 U.S. 933 (2000) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)); Moore v. Wilson, No. 5:07CV0537, 2008 WL 3852141, at *3 (N.D. Ohio Aug. 18, 2008). Although Stone predates the AEDPA, it continues to govern Fourth Amendment habeas claims. Smith v. Bradshaw, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying Stone, the district court considers two factors. Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982). First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth Amendment claim? The Sixth Circuit has ruled that Ohio's procedures are adequate in this regard. Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *4; Moore, 2008 WL 3852141, at *7 (citing Riley).

The second factor is whether presentation of the Fourth Amendment claim was frustrated because of a failure of the state's procedures. Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *3. Here, Pompa had the ability to fully and fairly litigate his claim. He filed a motion to suppress (doc. 5 RX 4-5, 7), received a hearing on the motion (doc. 5, RX 8, 20), and had recourse to appellate review (doc. 5, RX 12, 14). See Riley, 674 F.2d at 526. The court of appeals found that the police

6

did not exceed the scope of the warrant, and the evidence at issue was properly seized.  (Doc. 5, RX 14; Pompa, 2008 WL 2833498, at *3.)

The state provided an opportunity for full and fair litigation of Pompa's Fourth Amendment claim, thus federal habeas corpus relief is not available.  Stone v. Powell, 428 U.S. at 494.  The petition should not be granted on the basis of the Fourth Amendment claim.

### RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   Feb. 21, 2012              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).