UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Roy Pompa,** | ) | **CASE NO. 1:10 CV 857** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Donald Morgan, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 6) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

### Facts

Petitioner, Roy Pompa, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the

Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was found guilty by a jury of pandering sexually oriented matter involving a minor and sentenced to life in prison.  Prior to trial, petitioner filed a motion to suppress evidence relating to videotapes seized at his residence.  The trial court held a hearing and denied the motion.  The ruling was upheld on appeal. Petitioner's sole ground for habeas relief is that the trial court's denial of his motion to suppress resulted in a Fourth Amendment violation.  The Magistrate Judge agreed with respondent that the Fourth Amendment claim is not cognizable on habeas review.  For the following reasons, this Court agrees.

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that habeas review is barred when Fourth Amendment claims have been fully and fairly litigated in state court.  In *Riley v. Gray*, 674 F .2d 522, 526 (6th Cir.1982), the Sixth Circuit determined that full and fair litigation requires that two conditions be met: (1) adequate state mechanisms for a remedy that protects the Fourth Amendment rights in the abstract; and (2) the absence of those mechanisms' failure in application to the case at hand.  Although *Stone* pre-dates the AEDPA, decisions in this circuit have recognized that it continues to govern Fourth Amendment habeas claims.  *See Fulcher v. Logan County Circuit Court,* 2012 WL 284069 (6th Cir. Jan. 31, 2012);

*Lawrence v. 48th Dist. Court,* 560 F.3d 475, f.n. 7 (6th Cir. 2009); *Smith v. Bradshaw*, 2006 WL 2233211 (N.D.Ohio Aug. 3, 2006).

The Magistrate Judge decided that Ohio's procedures have previously been found to be adequate, and that petitioner had the ability to fairly and fully litigate his claim as he filed a motion to suppress, received a hearing on the motion, and had recourse to appellate review. Petitioner does not deny that he fairly and fully litigated his claim in the state court, but argues that *Stone* did not have the authority to take away his constitutional rights under the Fourth Amendment upon habeas review. As noted above, however, the Sixth Circuit has already recognized that *Stone* forecloses Fourth Amendment habeas claims where the petitioner has been provided the opportunity for full and fair litigation of the claim. *See Fulcher* and *Lawrence, supra. See also Ewing v. Ludwick,* 134 Fed. Appx. 907 (6th Cir. 2005).

For these reasons, a writ of habeas corpus is not warranted.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/21/12